UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES H. HIGGASON, JR., | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:07-CV-032 RM |
| | ) | |
| WILLIAM WILSON, | ) | |
| | ) | |
| Respondent | ) | |

OPINION AND ORDER

James H. Higgason, Jr., a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 61-day loss of good time and demotion from credit class two to credit class three on September 11, 2006 by the Conduct Adjustment Board ("CAB") at the Westville Correctional Facility. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Mr. Higgason tries to raise seven grounds in this challenge. In his first argument, Mr. Higgason asserts that he was subjected to double jeopardy by the DHB because he was placed on recreation restriction and television restriction after the initial hearing and again after the rehearing. A prison disciplinary proceeding can only be challenged if it results in the lengthening of the duration of confinement. Hadley v. Holmes, 341 F.3d 661, 664 (7th Cir. 2003). Recreation and telephone restrictions don't affect the duration of confinement. Therefore, whether Mr. Higgason was required to serve the telephone and recreation

restrictions twice is not something the court can address in a habeas corpus proceeding because it doesn't lengthen the duration of confinement.

In his second argument, Mr. Higgason contends that the effective date of his punishment should be the date of his original hearing and not the date of his rehearing. Wolff requires that due process be given before Mr. Higgason's liberty interests are taken away. Nothing in Wolff requires the DHB to apply a punishment retroactively. Even if the inmate already has served restrictions and must serve them again as a result, this is of no consequence because mere restrictions are not actionable in habeas corpus proceeding.

Mr. Higgason next alleges that the rehearing wasn't held within seven days as the Adult Disciplinary Procedures require. As Mr. Higgason acknowledges in his petition, this court cannot grant habeas corpus relief based on the violation of a prison rule. Whether these rules were violated is not relevant in this proceeding. See Estelle v. McGuire, 502 U.S. 62 (1991). However, Mr. Higgason asserts that as a result of the delay, he was unable to get Officer Langman's testimony because Officer Langman transferred to a different facility before he could get his statement. Had they screened him on time, Mr. Higgason alleges, that he would have been able to get Officer Langman's statement before he transferred. Mr. Higgason does not assert that the CAB refused his evidence. Rather, Mr. Higgason merely challenges the date of the screening and its noncompliance with the ADP. This claim does not state a violation under Wolff.[1]

---

[1] Even if Mr. Higgason was attempting to argue that he was denied Officer Langman's testimony, Mr. Higgason says in his petition that Officer Langman wrote a CAB statement. Therefore, Mr. Higgason was not denied Officer Langman's testimony.

In his fourth challenge, Mr. Higgason alleges that he gave a true/false questionnaire to Officer Langman, who would not answer the questionnaire. Mr. Higgagon also asserts that the Indiana Department of Correction has a policy allowing or requiring the state employees not to answer the true/false questionnaires. Though Wolff requires that Mr. Higgason be allowed to submit relevant exculpatory evidence, it does not entitle him to confront or cross-examine the witnesses. Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Mr. Higgason admits that he requested and received a statement from Officer Langman, although he does not think the statement is complete. (docket 1, page). Mr. Higgason may want a more complete answer, but Wolff does not require that Mr. Higgason be allowed to ask questions or confront the witnesses. Because Officer Langman provided a written statement for the CAB hearing, there was no due process error.

In ground five, Mr. Higgason asserts that it was a due process error for the CAB chairman, the screening officer, and his lay advocate to fail to assist him in acquiring the answers to his true/false questionnaire. Because Mr. Higgason was not entitled to cross examine his witnesses, it was not a due process error for the CAB chairman, the screening officer, or the lay advocate to fail to get answers to the questionnaire.

Mr. Higgason then asserts that he was denied the opportunity to consult with his lay advocate prior to the hearing. In his last challenge, Mr. Higgason asserts that lay advocates should not be allowed to stand mute during the hearing. Prisoners have no due process right to lay counsel unless they are illiterate or unable to understand complex charges against them. Wolff, 418 U.S. at 570. While Indiana law may allow a lay advocate,

it does not suggest that inmates are entitled to pre-hearing legal assistance.  See Ind. Code 11-11-5-5. In addition, nothing in Wolff or the statute provides for the effective assistance of a lay advocate.  Even if this section contemplated pre-hearing assistance, or the effective assistance of a lay advocate, violations of state law cannot be a basis for relief under § 2254. Dellinger v. Bowen, 301 F.3d 758, 764 (7th Cir. 2002). Therefore, there was no federal due process error.

    For the foregoing reasons, the court DISMISSES the habeas corpus petition pursuant to Habeas Corpus Rule 4.

    SO ORDERED.

    ENTERED: March  26 , 2007

                                        /s/ Robert L. Miller, Jr.
                                      Chief Judge
                                      United State District Court